## NOLAN v. THE CITY OF NEW ORLEANS.

The Mayor and Recorders of the city of New Orleans have the power to dismiss a policeman. Their dismissal for what they may deem sufficient cause is final, and the policeman has no appeal.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J.
    *John Henderson, Jr.*, for plaintiff.    *J. Livingston*, for defendant.

SLIDELL, C. J.  The plaintiff sues for eleven months wages as a policeman, alleging that he had been appointed for one year, and was discharged at the end of the first month without good cause.  The city pleaded in bar an order of discharge by the Police Board for alleged misconduct, a certified copy of which order is annexed to the answer, and was offered in evidence at the trial. There was judgment for defendant, and plaintiff has appealed.  By the previous terms of the city charter, the Mayor was authorized to appoint policemen and discharge them at pleasure.  By the amendment of 11th April, 1853, the appointing power was conferred on a Board of Police composed of the Mayor and Recorders, and said board was authorized to discharge them for cause, and to " decide on all police matters pertaining to appointments, dismissals or grievances of, or against the police, finally and without appeal."

The board having discharged *Nolan* for what it deemed sufficient cause, and its decision being final and without appeal, we cannot enquire into the sufficiency of the cause in this action.  Nor can the objection be entertained which the plaintiff makes to the form of the order.  It is true, it does not appear on the face of the order of discharge what members of the board were present nor how they respectively voted, but in the absence of any irregularity patent on the face of the record or proved *aliunde*, it may be presumed that the board was duly convened and proceeded regularly.  Whether if such irregularity appeared, its effect could be amenable by any other tribunal under the provisions of the statute, in a suit like the present, is a question we need not now decide.

Judgment affirmed with costs.